**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **vs.** | **:** | |
| | **:** | |
| **MICHAEL T. CONAHAN and** | **:** | **3:CR-09-000272** |
| **MARK A. CIAVARELLA, JR.** | **:** | **(Kosik, J.)** |
| | **:** | |
| **Defendants** | **:** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, MARK CHIAVARELLA'S MOTION ALLEGING THE UNCONSTITUTIONALITY OF THE HONEST SERVICES MAIL OR WIRE FRAUD, 18 U.S.C. 1341 OR 1343 AS DEFINED BY 18 U.S.C. 1346**

## INTRODUCTION

Defendant, Mark Ciavarella, is charged with engaging in hones services fraud in several counts of the Government's indictment. Racketeering Predicate Acts 1 through 3 and Counts 3-6 and 11-14 of the *Indictment* allege that the defendant engaged in honest services mail or wire fraud in violation of 18 U.S.C. §§ 1341, or 1343, respectively, as defined by 18 U.S.C. § 1346.

On March 1, 2010, Mr. Ciavarella filed, through undersigned counsel, a Motion alleging that the honest services statute is unconstitutional.

Ciavarella's challenge rests upon two grounds. First, Ciavarella asserts that the law is void for vagueness, both facially and as applied, hence unconstitutional as violative of the Fifth Amendment guarantee of due process of law.

The U.S. Supreme Court has often recognized the "basic principle that a criminal statute must give fair warning of the conduct that it makes a crime." *Rogers v. Tennessee*, 532 U.S. 451, 457 (2001) citing *Bouie v. City of Columbia*, 378 U.S. 347, 350 (1964). Deprivation of the right to fair warning can result from vague statutory language or from an unforeseeable and retroactive judicial expansion of statutory language that appears narrow and precise on its face. *Bouie* at 352. Every man should be able to know with certainty when he is committing a crime. *U.S. v. Reese*, 92 U.S. 214, 220 (1926). There is serious argument that §1346 is violative of this principle because that statute "is nothing more than an invitation for Federal Courts to develop a common law crime of unethical conduct". *U.S. v. Sorik*, ___ U.S. ___, 129 S Ct. 1308, 1309 (2009) Scalia, J. (dissenting from denial of certiorari.).

Our Supreme Court has voided, as unconstitutional, laws which provided too much discretion to law enforcement and too little notice to citizens. *City of Chicago v. Morales*, 527 U.S. 41 (1999), *Kolendar v.*

*Lawson*, 461 U.S. 352 (1983), and *Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972) are three examples.

In *Morales*, the Court examined an ordinance which criminalized loitering by any criminal street gang members with one another or with other persons in any public place. The Supreme Court of Illinois had held the ordinance violated the Due Process clause of the Fourteenth Amendment. *Morales* at 46. The Supreme Court affirmed holding the ordinance was unconstitutionally vague. *Id*. at 51.

*Morales* reasons that vagueness that doomed the Illinois ordinance was not any uncertainty over the meaning of "loitering", but rather what loitering was covered by the ordinance and what loitering was not. The law failed to distinguish between innocent and harmful conduct. *Id*. at 57. Even the Solicitor General arguing in support of the ordinance recognized that the ordinance could not be read "literally without involving intractable vagueness concerns". *Id*. at 23.

Similarly, the "hones services" theory may or may not criminalize a state legislator's decision to vote for a bill because it will help a small minority of his constituents essential to his election, a mayor's attempt to use his office prestige to get a good restaurant table, or his recommendation of an incompetent friend for a public contract. *Sorik* at 1309.

*Lawson* is another case through which the Court stuck down a vague statute. *Lawson* held that the statute at issue failed to clarify what was contemplated by the requirement that a suspect provide a "credible and reliable" identification. *Id*. at 1353. Moreover, in further analysis, and acknowledging that the vagueness doctrine focuses on notice and arbitrary enforcement, that the more important aspect of the doctrine is the requirement that the "legislature established minimal guidelines to govern law enforcement." *Id*. at 357.

Former Chief Justice Rhenquest argued in dissent that Edward Lawson was on notice or that in certain circumstances, for example, pursuant to a *Terry* stop, that a suspect would be on notice that a refusal to provide any identification at all would be a violation. Id. at 372, Rhenquest, C.J., Dissenting. The Chief Justice argued that the majority in its vagueness analysis was using a standard applicable only to First Amendment violations. This argument did not carry the day. The majority's fair notice and minimal legislative analysis did. Even if the former Chief Justice's argument prevailed, the honest services fraud statute does not give fair notice to Ciavarella that acceptance of a finder's fee would violate section 1346. The statute here, as applied to Ciavarella, is unconstitutional.

The reasoning and analysis of *Lawson* is applicable here. The "honest services" statute lacks complete legislative guidance and fair notice. The statute is a mere 28 words using the terms "honest services" and "intangible right". A citizen does not have fair notice as to the meaning of "intangible right", moreover, "honest services" is a nebulous concept which even our courts have not consistently defined.

In *Papichristou*, our Supreme Court had, previous to *Lawson*, held another statute constitutionally unfair because it failed to give a person of ordinary intelligence fair notice that his conduct was forbidden by the statute. *Id*. at 162. That statute criminalized inter alia "habitual wanderers" and "common night walkers".

Here, again, the Court makes a two pronged analysis; lack of notice and the effect of unfettered discretion of law enforcement. "Common night walkers and "habitual wanders" by both their broadness and grant of unfettered discretion fall into the criteria prohibited by the vagueness doctrine. These terms allowed police officers to arrest people for a very broad range of innocent acts and maybe even some that were not so innocent. The terms of "intangible right" and "honest services" suffer from a similar allowance of too broad enforcement and a failure to limit the discretion of law enforcement.

Reasonable citizens cannot be held to be on notice when even the "U.S. Courts of Appeal have had to spend two decades attempting to cabin the breadth of §346". *See Sorick* at 1309 (collecting cases from the various circuits with varying interpretations of 1346). These Courts have expressed frustration at the lack of any "simple formula specific enough to give clear cut answers to borderline problems." *U.S. v. Urcivoli*, 513 F.3d 290, 300 (lst Cir. 2008). The confusion becomes all the greater when citizens, including judges, cannot ascertain whether a disclosure duty must be imposed by state criminal law to sustain an honest services fraud conviction or whether "norms of conduct" which do not impose substantive legal duties can sustain a conviction. *United States vs. Panarella*, 277 F.3d 678, 699 fn. 9 (2002). The government's claim that Ciavarella violated state substantive disclosure laws, i.e. the Code of Judicial Conduct and an administrative order of the state supreme court is wrong. These provisions do not have the force of substantive law nor impose substantive legal duties on judges, but merely set a norm of conduct for judges. *Commonwealth vs. Druce*, 577 Pa. 581, 848 A.2d 104 (2004).

Secondly, Ciavarella asserts that section 1346 violates the separation of powers doctrine because it seeks to impose standards of conduct upon members of the judiciary regarding disclosures of conflicts of interest and

decisions to recuse. The legislature's exercise of any power over the discretion of the judiciary causes a structural affront to the State and Federal Constitutions. The creation of such standards of conduct are vested solely within the powers of the judiciary as a co-equal branch of government. *Kremer vs. State Ethics Commission*, 503 Pa. 358, 469 A.2d 593 (1983)(financial disclosure provisions of state ethics law as applied to members of the judiciary violate the separation of powers doctrine and is therefore unconstitutional).

For the above stated reasons supporting Defendant, Ciavarella's Motion, this Court should grant his Motion to Dismiss Racketeering Predicate Acts 1 through 3 and the honest services wire and mail fraud counts (3-6, 11-14) of the indictment.

Respectfully submitted,

/s/WILLIAM RUZZO, ESQUIRE

/s/AL FLORA, JR., ESQUIRE