IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No.: 09-CR-272-02 |
| v. ) | Judge Edwin Kosik |
| ) | |
| MARK A. CIAVARELLA, JR., ) | |
| Defendant ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

**When fashioning a sentence, the Court Should Consider
Collateral Consequences as a Reason to Mitigate Mr. Ciavarella's Sentence**

A tradition in Federal judicial practice is that a sentencing court considers every convicted person as an individual and every case a unique study in human failings that sometimes mitigate or magnify the crime and punishment to ensue. **Gall v. U.S.,** 128 S.Ct. 568 (2007) *[citing]* **Rita v. U.S.**, 127 S.Ct. 2456, 2469 (2007). In a recent case, the D.C. Circuit reasoned that the substantial mental and personal stress suffered by the defendant as a result of his prosecution is a factor directly relevant to a Section 3553(a) analysis. **U.S. v. Gardellini**, 545 F.3d 1089 (D.C. Cir. 2008). Beyond the actual deprivation of liberty when incarcerated, a host of other penalties and burdens attend a criminal conviction. Among these are loss of family life, of socio-economic status, of employment and career opportunities, reduction of civil rights and countess humiliations and indignities

1

commonly associated with living in confinement. **U.S. v. Mateo**, 299 F.Supp2d 201 (S.D.NY 2004).

The factors set forth in the cases cited above apply to Ciavarella. An analysis by the Court in **Koon v U.S.** 518 U.S. 81, 112 (1996) regarding the susceptibility to abuse in prison is especially applicable here. **Koon** reasons: "the extraordinary notoriety and national media coverage of this case, coupled with the Defendant's status as police officers, Mike Koon and Powell are unusually susceptible to prison because . . . "widespread publicity and emotional outrage . . . . have surrounded this case from the outset." **Id**, *[citing]* **U.S. v. Koon**, 833 F.Supp. 769 (C.D. Cal. 1993).

The language used in **Koon** by Justice Kennedy, except for the names, could be used in describing the situation here. The only difference is that Koon and Powell were police officers and Ciavarella was a judge. Our case generated national media coverage and the Defendant's status as a judge makes him more susceptible to prison abuse than a normal defendant, and certainly as susceptible as a police officer.

**Koon** was a pre-**Booker** decision and Justice Kennedy wrote for the Court. If this opinion were written today, Justice Stevens' concurrence would have been incorporated. Justice Stevens reasoned that unusual collateral employment

2

consequences could be considered along with a downward departure based on an aggregation of circumstances. **Koon** at 114, Stevens, J. concurring. Defendant urges the Court to apply the **Koon** principles to the similar facts in his case.

If Mark Ciavarella never did one day of incarceration, he would still be punished. He has gone to trial and asked the Government to prove its case. He will be punished more severely first for exercising that right, despite having been acquitted of many of the Counts in the Indictment. He is now a convicted felon subject to all of the aforementioned collateral consequences in addition to the embarrassment, ridicule and shame out of proportion to the offense. The media attention to this matter has exceeded coverage given to many and almost all capital murders, and despite protestation, he will forever be unjustly branded as the "Kids for Cash" judge. Mr. Ciavarella will not be able to vote or serve on a jury. His ability to travel will be limited as well as his business opportunities. His status as a felon will never go away. He will be required to register as a felon in certain locations.

### This Court Shoulder Consider the Jury's Acquittal of Mr. Ciavarella On Multiple Counts as a Reason for Variance from the Guidelines

The Court has determined that the facts underlying the Counts for which the jury acquitted Ciavarella are relevant conduct, proven by a preponderance of the evidence, and should therefore be considered in calculating the applicable

guideline level. While the defense contends the jury determination should prevail and that the mere consideration of acquitted conduct is a Constitutional affront, we ask that for sentencing purposes the Court consider a variance based on the acquittal. Despite the fact that the Government brought a multi-Count Indictment, it failed to prove beyond a reasonable doubt that Mr. Ciavarella committed twenty-seven (27) of the 38 charges. Of the 11 counts of which he was convicted, 4 counts were for tax violations which he candidly admitted during trial. In effect, the jury categorically rejected the bulk of the Government's case. Yet, under the present scenario, it is only the Defendant that suffers; the Government it seems, has suffered no detriment for bringing charges it could not prove.

This Court may find that the acquitted crimes commentary reflects an unsound judgment and that it fails to reflect § 3553(a) considerations, thus a sentence not reflecting the acquitted conduct more nearly comports with § 3553(a) goals. **Rita v. U.S.**, 551 U.S. 338, 358 (2007).

In **Kimbrough v. U.S.** 522 U.S. 85 (2007) the sentencing court imposed a sentence 4.5 years below the bottom of the Guidelines range. The sentencing court concluded that the 100 to 1 ratio of crack to powder cocaine created an unwarranted disparity within the meaning of § 3553(a)'s instruction that the Court should impose a sentence sufficient but not greater than necessary to

accomplishing the sentencing goals of §3553(a). **Id.** at 110. The Supreme Court in **Kimbrough** reasoned that a reviewing Court could not rationally conclude that the 4.5 sentence reduction Kimbrough received qualified as an abuse of discretion. **Id.** *[citing]* **Rita, supra** and **Gall**, **supra.**

This Court would be well within its discretion in deciding to vary Ciavarella's sentence because the consideration of all the acquitted conduct clashes with the § 3553(a) sentencing rationale. Ciavarella suggests that the Court should use its discretion to do so.

## The Goals of § 3553(a) Will be Accomplished By a Sentence below the Advisory Guidelines

Paragraph § 3553(a) sets forth the factors the Court should consider in imposing a sentence sufficient but not greater than necessary to comply with those goals. We believe the Court should consider first the history and characteristics of Mark Ciavarella since the Court has had ample opportunity to consider the nature and circumstances of the offense throughout the litigation of this case.

Mark has been until the instant matter, a person with absolutely no criminal history. He has worked since he was 13 years old. He was a devoted son who cared for his father on a daily basis throughout his life, including daily morning visits to him in his days in a nursing home. He has been and is a good husband. No one who witnessed the trial, including the Government, can dispute his family's

affection and loyalty to Mark or to each other. The Presentence Report reflects that Mark's sister Rozanne related "my brother was respectful to our parents and was always there for them."

From a very young age, Mr. Ciavarella was involved in the civic and charitable community organizations. He was a long-time volunteer at the Catholic Youth Center(CYC) in Wilkes-Barre. He coached the CYC swim team for about ten years, and then later served on the CYC Board of Directors for many years. Mark was also an active volunteer for the Association for Retarded Citizens. He served on the Scranton Diocese School Board and worked in the formation of its "Right Choice Program", a program designed prevent substance abuse by children.

As for the deterrence factor related in § 3553(a), we call the Court's attention to the original plea offer in this case. In the original Rule 11(C)(1)(c) plea agreement, the Government, knowing all of the § 3553 factors, had to believe that a sentence of 87 months as set forth in the agreement was sufficient to fulfill the deterrence component of the statute.

Moreover, the protection of the public provision in the statute can be and is accomplished already. Mark can never again be a judge or lawyer. His life as a public office holder is over. A lengthy prison sentence does no more for the public's protection than a shorter sentence, or no sentence at all. The offense for

which Ciavarella stands convicted is unique in that as a practical matter the perpetrator must never be involved in public affairs.

For the reasons set forth above, the Defendant would request this Honorable to vary the sentence downward and impose a reasonable sentence in accordance with the factors set forth this Memorandum.

                                        Respectfully submitted,

                      BY:   /s/ Albert Flora, Jr., Esquire
                             ALBERT FLORA, JR., ESQUIRE
                             Attorney for Defendant

                             /s/ William Ruzzo, Esquire
                             WILLIAM RUZZO, ESQUIRE
                             Attorney for Defendant