In the United States District Court
For the Middle District of Pennsylvania

| | | |
|---|---|---|
| Mark A. Ciavarella, Jr. | ) | |
| Petitioner | ) | |
| | ) | |
| | ) | Case Number: 3:CR09-272-02 |
| vs. | ) | (Kosick, E) |
| | ) | |
| United States of America | ) | **FILED** |
| Respondent | ) | **SCRANTON** |

JAN 3 0 2015

PER _____

DEPUTY CLERK

## **Petitioner's Motion Filed Pursuant to 28 U.S.C. § 2255**

**Table of Exhibits:**

Exhibit A: Verdict Form ………………………………………… A-1 to A-13

Exhibit B: Special Verdict Form …………………………… B-1

Exhibit C: Special Verdict Form …………………………… C-1

Exhibit D: Special Verdict Form …………………………… D-1

Exhibit E: Affidavit of Counsel……………………………… E-1

ALL-STATE LEGAL®

A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA ) CR. NO. 0 9 - 2 7 2
 )
 )
 v. )
 ) (Judge Kosik)
 )
MARK A. CIAVARELLA, JR., )
 )
 Defendant. )

## VERDICT FORM

WE, THE JURY, MAKE THE FOLLOWING FINDINGS IN THE ABOVE-
CAPTIONED MATTER:

### Count One - 18 U.S.C. § 1962(c)
### (Racketeering)

1. On the charge of conducting and participating in the
conduct of the affairs of an enterprise through a pattern of
racketeering activity, in violation of 18 U.S.C. § 1962(c), we
find the defendant Mark A. Ciavarella, Jr.:

  __X__ Guilty  _____ Not Guilty

(If the jury finds the defendant "Guilty" of Count One, then
the jury must answer Questions 1a through 1m.  If the jury finds
the defendant "Not Guilty" of Count One, then the jury should
skip questions 1a through 1m and should proceed to enter its
findings as to the remaining counts of the Indictment.)

1a. Racketeering Act One - Honest Services Wire Fraud in
violation of Title 18, United States Code, Section 1346.

   1(a)(i).  Do you unanimously agree, by proof beyond a
   reasonable doubt, that Mark A. Ciavarella, Jr.
   committed wire fraud in connection with a wire transfer

of $610,000 to an attorney escrow bank account on
January 21, 2003?

__X__ Yes          _____ No

1(a)(ii).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed wire fraud in connection with a wire transfer
of $387,600 to an attorney bank account on January 24,
2003?

__X__ Yes          _____ No

1(a)(iii).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed wire fraud in connection with a wire transfer
of $610,000 to a bank account of Beverage Marketing of
Pennsylvania, Inc. on January 28, 2003?

__X__ Yes          _____ No

1b.   Racketeering Act Two – Honest Services Wire Fraud, in

violation of 18 U.S.C. § 1346.

1(b).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed wire fraud in connection with a wire transfer
of $1,000,000 to a bank account of Pinnacle Group of
Jupiter, LLC on July 15, 2005?

_____ Yes          __X__ No

1c.   Racketeering Act Three – Honest Services Wire Fraud, in

violation of 18 U.S.C. § 1346.

1(c).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.

2 

committed wire fraud in connection with a wire transfer
of $150,000.00 to a bank account of Pinnacle Group of
Jupiter, LLC on February 3, 2006?

_____ Yes          ___X___ No

1d.   Racketeering Act Four – $70,000 Paid On January 20,

2004.

1(d)(i).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed extortion under color of official right, in
violation of 18 U.S.C. § 1951, in connection with the
payment of two checks totaling $70,000 on January 20,
2004?

_____ Yes          ___X___ No

1(d)(ii).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed bribery chargeable under state law, in
violation of 18 Pa.C.S. § 4701(a)(3), in connection
with the payment of two checks totaling $70,000 on
January 20, 2004?

_____ Yes          ___X___ No

1e.   Racketeering Act Five – $200,000 Paid Between February

15, 2004 and February 24, 2004.

1(e)(i).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed extortion under color of official right, in
violation of 18 U.S.C. § 1951, in connection with the
payment of three checks totaling $200,000 between
February 15, 2004 and February 24, 2004?

_____ Yes          ___X___ No

1(e)(ii).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed bribery chargeable under state law, in
violation of 18 Pa.C.S. § 4701(a)(3), in connection
with the payment of three checks totaling $200,000

3 *I 03 A*

between February 15, 2004 and February 24, 2004?

_____ Yes          __X__ No

1f.    Racketeering Act Six – $100,000 Paid on April 30, 2004.

1(f)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with the payment of two checks totaling $100,000 on April 30, 2004?

_____ Yes          __X__ No

1(f)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with the payment of two checks totaling $100,000 on April 30, 2004?

_____ Yes          __X__ No

1g.    Racketeering Act Seven – $120,000 Wire Transfer on July 12, 2004.

1(g)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with a wire transfer of $120,000 on July 12, 2004?

_____ Yes          __X__ No

1(g)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with a wire transfer of $120,000 on July 12, 2004?

_____ Yes          __X__ No

1h.    Racketeering Act Eight – $100,000 Wire Transfer on September 23, 2004.

4 I04A

1(h)(i).  Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with a wire transfer of $100,000 on September 23, 2004?

_____ Yes          __X__ No

1(h)(ii).  Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with a wire transfer of $100,000 on September 23, 2004?

_____ Yes          __X__ No

1i.  Racketeering Act Nine – $42,000 Paid on August 16, 2006.

1(i)(i).  Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with a payment of $42,000 on August 16, 2006?

_____ Yes          __X__ No

1(i)(ii).  Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with a payment of $42,000 on August 16, 2006?

_____ Yes          __X__ No

1j.  Racketeering Act Ten – $20,000 Paid on November 1, 2006.

1(j)(i).  Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with a payment of $20,000 on November 1, 2006?

5 I00A

_____ Yes          _X_ No

1(j)(ii).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed bribery chargeable under state law, in
violation of 18 Pa.C.S. § 4701(a)(3), in connection
with a payment of $20,000 on November 1, 2006?

_____ Yes          _X_ No

1k.  Racketeering Act Eleven – $50,000 Paid on November 20,
2006.

1(k)(i).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed extortion under color of official right, in
violation of 18 U.S.C. § 1951, in connection with a
payment of $50,000 on November 20, 2006?

_____ Yes          _X_ No

1(k)(ii).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed bribery chargeable under state law, in
violation of 18 Pa.C.S. § 4701(a)(3), in connection
with a payment of $50,000 on November 20, 2006?

_____ Yes          _X_ No

1l.  Racketeering Act Twelve – $31,500 Paid on December 18,
2006.

1(l)(i).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed extortion under color of official right, in
violation of 18 U.S.C. § 1951, in connection with a
payment of $31,500 on December 18, 2006?

_____ Yes          _X_ No

1(l)(ii).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed bribery chargeable under state law, in

6 *I06 A*

violation of 18 Pa.C.S. § 4701(a)(3), in connection
with a payment of $31,500 on December 18, 2006?

_____ Yes          __X__ No

1m.   Racketeering Act Thirteen - Money Laundering

Conspiracy, in violation of 18 U.S.C. § 1956(h).

1(m).  Do you unanimously agree, by proof beyond a
reasonable doubt, that Mark A. Ciavarella, Jr.
committed money laundering conspiracy in violation of
18 U.S.C. § 1956(h)?

__X__ Yes          _____ No

**Count Two - 18 U.S.C. § 1962(d)**
**(Racketeering Conspiracy)**

2.    On the charge of conspiracy to conduct and participate

in the conduct of the affairs of an enterprise through a pattern

of racketeering activity, in violation of 18 U.S.C. § 1962(d), we

find the defendant Mark A. Ciavarella, Jr.:

__X__ Guilty          _____ Not Guilty

**Counts Three through Six - 18 U.S.C. §§ 1343 and 1346**
**(Honest Services Wire Fraud)**

On the charges of Honest Services Wire Fraud, in violation

of 18 U.S.C. §§ 1343 and 1346, we make the following findings as

to the defendant Mark A. Ciavarella, Jr.:

3.    **Count 3 - $120,000 Wire Transfer on July 12, 2004:**

_____ Guilty   __X__ Not Guilty

4.    **Count 4 - $100,000 Wire Transfer on September 23, 2004:**

7 **I02A**

_____ Guilty  ___X___ Not Guilty

5.  **Count 5 - $1,000,000 Wire Transfer on July 15, 2005:**

_____ Guilty  ___X___ Not Guilty

6.  **Count 6 - $150,000 Wire Transfer on February 3, 2006:**

_____ Guilty  ___X___ Not Guilty

### Counts Seven through Ten - 18 U.S.C. §§ 1341 and 1346
### (Honest Services Mail Fraud)

On the charges of Honest Services Mail Fraud, in violation of 18 U.S.C. §§ 1343 and 1346, we make the following findings as to the defendant Mark A. Ciavarella, Jr.:

7.  **Count 7 - Mailing of Statement of Financial Interests** in April, 2004:

___X___ Guilty  _____ Not Guilty

8.  **Count 8 - Mailing of Statement of Financial Interests** in March, 2005:

___X___ Guilty  _____ Not Guilty

9.  **Count 9 - Mailing of Statement of Financial Interests** in April, 2006:

___X___ Guilty  _____ Not Guilty

10.  **Count 10 - Mailing of Statement of Financial Interests** in March, 2007:

___X___ Guilty  _____ Not Guilty

### Counts Eleven through Twenty - 18 U.S.C. § 666(a)(1)(B)
### (Bribery Concerning Programs Receiving Federal Funds)

On the charges of Bribery Concerning Programs Receiving

8 **I08A**

Federal Funds, we make the following findings as to the defendant Mark A. Ciavarella, Jr.:

11.  **Count 11** - Checks totaling $200,000 paid between February 15 and February 24, 2004:

_____ Guilty ___X___ Not Guilty

12.  **Count 12** - Checks totaling $100,000 paid on April 30, 2004:

_____ Guilty ___X___ Not Guilty

13.  **Count 13** - $120,000 Wire Transfer on July 12, 2004:

_____ Guilty ___X___ Not Guilty

14.  **Count 14** - $100,000 Wire Transfer on September 23, 2004:

_____ Guilty ___X___ Not Guilty

15.  **Count 15** - $1,000,000 Wire Transfer on July 15, 2005:

_____ Guilty ___X___ Not Guilty

16.  **Count 16** - $150,000 Wire Transfer on February 3, 2006:

_____ Guilty ___X___ Not Guilty

17.  **Count 17** - $42,000 payment on August 16, 2006:

_____ Guilty ___X___ Not Guilty

18.  **Count 18** - $20,000 payment on November 1, 2006:

_____ Guilty ___X___ Not Guilty

19.  **Count 19** - $50,000 payment on November 20, 2006:

_____ Guilty ___X___ Not Guilty

20.  **Count 20** - $31,500 payment on December 18, 2006:

9 *I09 A*

_____ Guilty  ___X___ Not Guilty

### Count Twenty-One – 18 U.S.C. § 1956(h)
### (Money Laundering Conspiracy)

21.  On the charge of money laundering conspiracy, in

violation of 18 U.S.C. § 1956(h), we find the defendant Mark A.

Ciavarella, Jr.:

___X___ Guilty        _____ Not Guilty

### Counts Twenty-two through Twenty-six
### 18 U.S.C. § 1956(a)(1)(B)(1)
### (Money Laundering)

On the charges of Money Laundering, in violation of 18

U.S.C. § 1956(a)(1)(B)(1), we make the following findings as to

the defendant Mark A. Ciavarella, Jr.:

22.  **Count 22** - Checks totaling $70,000 deposited on January

20, 2004:

_____ Guilty  ___X___ Not Guilty

23.  **Count 23** - Checks totaling $200,000 deposited on

February 24, 2004:

_____ Guilty  ___X___ Not Guilty

24.  **Count 24** - Checks totaling $100,000 deposited on May 3,

2004:

_____ Guilty  ___X___ Not Guilty

25.  **Count 25** - $120,000 Wire Transfer on July 12, 2004:

_____ Guilty  ___X___ Not Guilty

26.  **Count 26** - $100,000 Wire Transfer on September 23,

2004:

_____ Guilty  __X__ Not Guilty

**Counts Twenty-seven through Thirty-four**
**18 U.S.C. § 1951**
**(Extortion Under Color of Official Right)**

On the charges of Extortion Under Color of Official Right, in violation of 18 U.S.C. § 1951, we make the following findings as to the defendant Mark A. Ciavarella, Jr.:

27.  **Count 27** - Three checks totaling $200,000 paid between February 15 and February 24, 2004:

_____ Guilty  __X__ Not Guilty

28.  **Count 28** - Two checks totaling $100,000 paid on April 30, 2004:

_____ Guilty  __X__ Not Guilty

29.  **Count 29** - $120,000 Wire Transfer on July 12, 2004:

_____ Guilty  __X__ Not Guilty

30.  **Count 30** - $100,000 Wire Transfer on September 23, 2004:

_____ Guilty  __X__ Not Guilty

31.  **Count 31** - $42,000 payment on August 16, 2006:

_____ Guilty  __X__ Not Guilty

32.  **Count 32** - $20,000 payment on November 1, 2006:

_____ Guilty  __X__ Not Guilty

33.  **Count 33** - $50,000 payment on November 20, 2006:

_____ Guilty  __X__ Not Guilty

11  I 11 A

34.   **Count 34** - $31,500 payment on December 18, 2006:

_____ Guilty   __X__ Not Guilty

### Count Thirty-five
### 18 U.S.C. § 371
### (Conspiracy to Defraud the United States)

35.   On the charge of Conspiracy to Defraud the United
States, in violation of 18 U.S.C. § 371, we find the defendant
Mark A. Ciavarella, Jr.:

__X__ Guilty        _____ Not Guilty

### Counts Thirty-six through Thirty-nine
### 26 U.S.C. § 7206(1)
### (Subscribing and Filing a Materially False Tax Return)

On the charges of Subscribing and Filing a Materially False
Tax Return, in violation of 26 U.S.C. § 7206(1), we make the
following findings as to the defendant Mark A. Ciavarella, Jr.:

36.   **Count 36** - IRS Form 1040 filed on or about April 15,
2004:

__X__ Guilty _____ Not Guilty

37.   **Count 37** - IRS Form 1040 filed on or about April 15,
2005:

__X__ Guilty _____ Not Guilty

38.   **Count 38** - IRS Form 1040 filed on or about April 15,
2006:

__X__ Guilty _____ Not Guilty

12 $\mathcal{I}$ 12 $A$

39.   **Count 39 - IRS Form 1040 filed on or about April 15,**
2007:

_____X_____ Guilty   _____ Not Guilty

Dated:   _____02/18/2011_____          ████████████████

JURY FOREPERSON

13 **I 13A**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

B

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 3:09-CR-00272 |
| v. | ) | |
| | ) | (Kosik, E) |
| MARK A. CIAVARELLA, JR., | ) | |
| | ) | |
| Defendant. | | |

## SPECIAL VERDICT FORM

We, the Jury, return the following Special Verdict as to the defendant Mark A. Ciavarella's interest in the following property alleged in Counts 21 ~~through 26~~ (Money Laundering) to be subject to forfeiture by Mark A. Ciavarella, Jr., to the United States:

United States Currency in the amount ~~$2,819,500.00~~ $997,600.00

Do you unanimously find by a preponderance of the evidence that this property is subject to forfeiture?

YES __X__

NO _____

This __18__ day of February, 2011.

_____

C

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:09-CR-00272 |
| | ) | |
| v. | ) | (Kosik, E) |
| | ) | |
| MARK A. CIAVARELLA, JR., | ) | |
| | ) | |
| Defendant. | | |

## SPECIAL VERDICT FORM

We, the Jury, return the following Special Verdict as to the defendant Mark A. Ciavarella's interest in the following property alleged in Counts 1 and 2 (Racketeering) to be subject to forfeiture by Mark A. Ciavarella, Jr., to the United States:

United States Currency in the amount ~~$2,819,500.00.~~ $997,600.00

Do you unanimously find beyond a reasonable doubt that this property is subject to forfeiture?

YES  X

NO _____

This _18_ day of February, 2011.

_____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:09-CR-00272 |
| | ) | |
| v. | ) | (Kosik, E) |
| | ) | |
| MARK A. CIAVARELLA, JR., | ) | |
| | ) | |
| Defendant. | | |

## SPECIAL VERDICT FORM

We, the Jury, return the following Special Verdict as to the defendant Mark A. Ciavarella's interest in the following property alleged in Counts 2 through 10 (Honest Services Wire Fraud) to be subject to forfeiture by Mark A. Ciavarella, Jr., to the United States:

United States Currency in the amount ~~$2,819,500.00.~~ *#997,600.00*

Do you unanimously find by a preponderance of the evidence that this property is subject to forfeiture?

YES  **X**
NO  _____

This  *18*  day of February, 2011.



ALL-STATE LEGAL®

E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
:
: 3:CR-09-028-01
MARK A. CIAVARELLA, JR. : (Kosik, J.)
:
Defendants :

---

### <u>AFFIDAVIT</u>

The undersigned affirms the following representations under the penalties for perjury and understands that the representations set forth in this document may be presented to the U.S. District Court, Middle District of Pennsylvania, regarding post conviction (28 §2255) proceedings in that Court.  The undersigned, William Ruzzo represents as follows:

1.      The undersigned represented Mark A. Ciavarella in his trial before the Honorable Edwin Kosik in U.S. District Court, Middle District of Pennsylvania, Scranton, Pennsylvania filed to the above captioned term and number.

2.      Albert J. Flora, Esquire was also counsel for Mr. Ciavarella.

3.      During pre-trial and trial proceedings, Attorney Flora and undersigned divided some of the responsibilities for the defense of Ciavarella.

4.      Undersigned took responsibility for reviewing and/or filing the various motions and jury instructions related to statutes of limitations. (SOL)

5.      Undersigned did in fact file pre-trial motions challenging the statute of limitations and the application of the limitations to various offenses. See <u>U.S.A. v. Ciavarella</u>, 716 F.3d 705, 732 (3d Cir. 2013).

6.     As to Counts 1, 2 and 21 of the indictment, undersigned failed to file a motion averring that the statute of limitations was an affirmative defense to all crimes which were alleged to have occurred outside the statute of limitations time and failed to request a jury instruction on the applicability of the statute of limitations to the facts set forth in the indictment and the facts testified to at the time of trial pertaining to Counts 1, 2, 8, 9, 10 and 21.

7.     Undersigned's failure to contend by motion or to request a jury instruction on the applicability of the statute of limitations to Counts 1, 2, 8, 9, 10 and 21 was error of the undersigned counsel and this error waived for the jury's consideration a valid statutory defense.

8.     Undersigned, as Ciavarella's appellate counsel, raised the SOL and requested plain error review; the U.S. Court of Appeals for the Third Circuit deemed the issue waived, hence the Court did not review the claim on the merits. U.S.A. v. Ciavarella, 716 F.3d 705, 773 (3d Cir. 2013)

9.     Undersigned did not discuss the possible request for the jury instruction at issue with Defendant Ciavarella, nor did he discuss the effect of failure to request the instruction at issue with him.

Respectfully submitted,

WILLIAM RUZZO, ESQUIRE
Attorney I.D. #75865
590 Rutter Avenue
Kingston, PA 18704
(570) 288-7799
Fax (570) 288-7798

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | 3:CR-09-028-01 |
| MARK A. CIAVARELLA, JR. | : | (Kosik, J.) |
| | : | |
| Defendants | : | |

---

## **VERIFICATION**

I, William Ruzzo, Esquire, do hereby verify that the statements made in the foregoing Affidavit are true and correct.  I understand that the statements therein are made subject to the penalties of Pa. C.S. Section 4904 relating to unsworn falsification to authorities.


_12/1/14_____
DATE

_William Ruzzo_____
WILLIAM RUZZO, ESQUIRE