# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:09-CR-00272 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| MARK A. CIAVARELLA, JR. | : | Electronically filed |

## BRIEF IN SUPPORT OF MOTION
## FOR COMPASSIONATE RELEASE AND
## REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Office of the Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

## INTRODUCTION

The defendant in this case, Mark A. Ciavarella, Jr., is 70 years old and suffering from a host of serious medical issues. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was crafted with people just like Mr. Ciavarella in mind, to authorize their discharge when continued incarceration would serve no further purpose and may actually cause deterioration of health. Pandemic or no (but especially with), "extraordinary and compelling reasons" warrant a reduction in Mr. Ciavarella's sentence. He should be released.

## STATEMENT OF THE CASE

Mr. Ciavarella was convicted of several offenses related to honest services fraud and filing false tax returns, and sentenced on August 11, 2011, to a term of imprisonment of 336 months. Doc. 269. He has served approximately 112 months of that sentence and currently has a projected release date of June 18, 2035. He is presently incarcerated at the Ashland Federal Correctional Institution ("FCI Ashland").

At 70 years old, Mr. Ciavarella suffers a number of medical conditions. Ex. A. The most serious is stage 3 chronic kidney disease. Ex. A at 3, 29, 52, 85, 100. He has also been diagnosed with multiple other medical conditions, including basal cell carcinoma, bronchitis, hypothyroidism, hyperlipidemia, hypertension, lumbar degenerative disc disease, and an enlarged prostate with lower urinary tract symptoms. Ex. A at 3, 12, 17, 19-22, 32, 40, 44, 49, 52, 85, 99-100. He also suffers

1

from chest pain, hip and shoulder aches for which he has received injections and may need surgery to repair a rotator cuff, and a rapid heartbeat for which he underwent a stress test and was placed on a beta blocker. Ex. A at 6, 9, 15, 24, 26, 30, 35, 37, 54-56, 60, 63, 67, 69, 72, 76. Mr. Ciavarella is prescribed metoprolol, lisinopril, levothyroxine, finasteride, doxazosin, atorvastatin, aspirin, and, acetaminophen. Ex. A at 85, 103-04.

The risk associated with these conditions, significant in any event, has been exacerbated exponentially by Mr. Ciavarella's potential exposure to COVID-19 at the facility in which he is incarcerated. The Centers for Disease Control and Prevention of the U.S. Department of Health ("CDC") has identified persons suffering from preexisting medical conditions of the type experienced by Mr. Ciavarella – including chronic kidney disease and hypertension – as at increased risk for severe illness or death from COVID-19,[1] and it has said that these risks are amplified for those in close contact with large groups of people, including specifically those persons who are incarcerated.[2] The risks are particularly

---

[1] CDC, *Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions* (Dec. 2, 2020), at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

[2] CDC, *Coronavirus Disease 2019 (COVID-19): Correctional and Detention Facilities* (April 9, 2020), at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/faq.html.

2

pronounced for Mr. Ciavarella, given that over 330 inmates at FCI Ashland have tested positive for the virus over the last several months, with 4 dying from the disease.[3]

In light of these risks, which remain present and dangerous, Mr. Ciavarella submitted a request on September 25, 2020, to the warden at FCI Ashland, requesting a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Doc. 409 at 25. The warden did not grant the request. Ex. Doc. 409 at 26. He thereafter submitted a request for relief with this Court, which appointed the Office of the Federal Public Defender for the Middle District of Pennsylvania to represent Mr. Ciavarella in connection with the request. Docs. 408, 409, 410.

This brief is offered in support of Mr. Ciavarella's request for a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). Included as exhibits are medical records confirming Mr. Ciavarella's conditions, as well as prison records reflecting Mr. Ciavarella's good behavior and minimum risk of recidivism. Ex. A; Doc. 409 at 27.

## STATEMENT OF THE ISSUE

Whether the defendant is entitled to a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of the

---

[3] U.S. Bureau of Prisons, *COVID-19 Coronavirus* (Dec. 17, 2020), *at* https://www.bop.gov/coronavirus/.

3

extraordinary risks to his health and safety resulting from the recent outbreak of COVID-19.

## ARGUMENT

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), permits a court to reduce the sentence of any defendant – on motion of the defendant, if the U.S. Bureau of Prisons ("BOP") has refused to grant the defendant's request for a reduction within thirty days – if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Considerations relevant to this determination include the defendant's "medical condition," "age," and "family circumstances," but may also include any other consideration bearing on the defendant's health and well-being, as well as post-offense conduct, efforts at rehabilitation, and societal ties.  U.S.S.G. § 1B1.13, app. notes; *see also* 28 U.S.C. § 994(t) (delegating authority to U.S. Sentencing Commission to define "extraordinary and compelling reasons").  Once a defendant is deemed eligible for a reduction, the court applies the sentencing factors set forth in 18 U.S.C. § 3553(a) to decide upon the scope of the reduction.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

A reduction is warranted in this case.  The serious and life-threatening risks posed to the defendant, Mark A. Ciavarella, Jr., by his age, his pre-existing medical conditions and his continued incarceration at a facility riddled with COVID-19 represent "extraordinary and compelling reasons" under the compassionate release

statute, *see infra* Part I, and the sentencing factors of 18 U.S.C. § 3553(a) – including Mr. Ciavarella's efforts at rehabilitation and minimum risk of recidivism – support a significant reduction in his sentence, *see infra* Part II. The motion should be granted, and Mr. Ciavarella's sentence reduced to time served.

### I. "EXTRAORDINARY AND COMPELLING REASONS" EXIST FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(C)(1)(A).

The grounds supporting a reduction in Mr. Ciavarella's sentence can only be described as "extraordinary and compelling." Mr. Ciavarella's particular vulnerability to COVID-19 cannot seriously be questioned. He is 70 years old and suffers from a number of medical conditions, including chronic kidney disease and hypertension. Ex. A. As a result of his pre-existing medical conditions, Mr. Ciavarella has been classified by the CDC as at increased risk of severe illness or death if exposed to COVID-19. *See supra* note 1.

The clear and present risks to Mr. Ciavarella are heightened immeasurably due to the explosion of COVID-19 cases in prisons across the country – and specifically in FCI Ashland, where he is presently housed. More than 330 inmates have tested positive for COVID-19 at FCI Ashland in the last several months and four have died.[4] The BOP currently lists 50 inmates and 23 staff members as positive for the virus at FCI Ashland and 281 inmates and 19 staff members recovered. The

---

[4] U.S. Bureau of Prisons, *COVID-19 Coronavirus* (Dec. 17, 2020), *at* https://www.bop.gov/coronavirus/.

5

death toll in federal prisons nationwide exceeds 160, including the 4 who died at FCI Ashland.[5]

District courts, including this Court, have routinely found circumstances such as these to constitute "extraordinary and compelling reasons" under the compassionate release statute, entitling the defendant to a reduction in sentence. *See, e.g.*, *United States v. McKinnon*, No. 1:03-CR-0251, 2020 WL 4530737 (M.D. Pa. Aug. 6, 2020); *United States v. Jones*, No. 4:17-CR-0047-MWB, 2020 WL 5709281 (M.D. Pa. Sept. 24, 2020); *United States v. Ramkissoon*, No. 3:12-CR-0266-CCC, ECF No. 68 (M.D. Pa. Nov. 10, 2020); *see also, e.g.*, *United States v. Harris*, No. 06-CR-30058, 2020 WL 3483559 (C.D. Ill. June 26, 2020); *United States v. Padilla*, No. 19-CR-03331-GPC, 2020 WL 3100046 (S.D. Cal. June 11, 2020); *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717 (D.N.M. May 18, 2020); *United States v. Saad*, No. 16-20197, 2020 WL 2251808 (E.D. Mich. May 5, 2020); *United States v. Norris*, 7:19-CR-00036-BO-2, 2020 WL 2110640 (E.D.N.C. Apr. 30, 2020). The Court should do the same here.

## II. THE SENTENCING FACTORS OF 18 U.S.C. § 3553(A) SUPPORT A SIGNIFICANT REDUCTION IN SENTENCE.

The scope of any reduction in sentence must be determined based upon the factors and purposes enumerated in 18 U.S.C. § 3553(a), including the needs to

---

[5] U.S. Bureau of Prisons, *COVID-19 Coronavirus* (Dec. 17, 2020), *at* https://www.bop.gov/coronavirus/; *See also* Doc. 409 at 10.

"provide just punishment for the offense," to "afford adequate deterrence" and "protect the public," and to "provide the defendant with needed … medical care." *Id.* Those needs would be best advanced in this case by imposition of a modified sentence of time served.

Mr. Ciavarella has already served a substantial portion of his sentence – approximately 112 months out of 336 total. While to be sure the offense of which he was convicted is serious, a sentence of 112 months is not far outside the range contemplated by federal law, and represents "just punishment." And there is no reason to think that Mr. Ciavarella poses any risk of recidivism, or harm to the public. His prison reports disclose no infractions or disciplinary issues; he has engaged in significant efforts at rehabilitation; and he has been assessed as presenting a minimum probability of reoffending. Doc. 409 at 19, 27; *cf., e.g.*, *Pepper v. United States*, 562 U.S. 476, 492 (2011) (post-offense developments provide "the most up-to-date picture" of the defendant's history and characteristics, and "shed[ ] light on the likelihood that [he or she] will engage in future criminal conduct"). The proposed sentence would thus "afford adequate deterrence" and "protect the public."

As to protecting the health of Mr. Ciavarella, early release is not only appropriate but necessary. Mr. Ciavarella faces a serious present danger of illness or even death from incarceration, particularly with the spread of contagion, and that danger will only escalate the longer he is imprisoned. By contrast, if released, Mr.

Ciavarella could be placed under the supervision of his children who would be able to ensure not only that Mr. Ciavarella abides by any conditions imposed upon him, but also that he receives proper medical treatment. In this case, the most "needed … medical care" for Mr. Ciavarella is release from the extremely hazardous environment of prison, and into a more safe and stable setting.

The proposed sentence is "sufficient … but not greater than necessary" to meet the sentencing goals of 18 U.S.C. § 3553(a). That is the modified sentence that should be imposed.[6]

---

[6] This Court may include a lengthened term of supervised release to correspond with the unserved portion of Mr. Ciavarella's term of imprisonment, with the condition of home confinement during some or all of that term. *See* 18 U.S.C. § 3582(c)(1)(A). *See United States v. Ladson*, No. 04-697-1, 2020 WL 2958228, at *9 (E.D. Pa. June 22, 2020) (releasing an inmate who was serving a 240-month sentence and suffered from type 2 diabetes, gout and high blood pressure and noting that the risk of him engaging in any further criminal conduct can be managed through the terms of his supervised release).

## CONCLUSION

For the foregoing reasons, the motion for compassionate release and reduction of sentence should be granted, and the defendant should be resentenced in accord with the sentence proposed in this brief.

Date:  December 21, 2020                          Respectfully submitted,

/s/ *Quin M. Sorenson*

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

9

# CERTIFICATE OF SERVICE

I, Quin M. Sorenson, Esquire, of the Federal Public Defender's Office, certify that I caused to be served on this date a copy of the foregoing filing via electronic case filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

Stephen R. Cerutti, II, Esquire
United States Attorney's Office
*stephen.cerutti@usdoj.gov*

Carl D. Marchioli, Esquire
United States Attorney's Office
*carlo.d.marchioli@usdoj.gov*

Date:  December 21, 2020         /s/ *Quin M. Sorenson*
                                 QUIN M. SORENSON, ESQUIRE
                                 Assistant Federal Public Defender