# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:09-CR-00272 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| MARK CIAVARELLA | : | Electronically filed |

# REPLY BRIEF IN SUPPORT OF MOTION
# FOR COMPASSIONATE RELEASE AND
# REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Office of the Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

The defendant, Mark A. Ciavarella, should be released from prison. He is in an age group (between 70 and 80 years old) and suffers from chronic medical conditions (including stage 3 kidney disease) that place him, according to the Centers for Disease Control and Prevention of the U.S. Department of Health ("CDC"), at an increased risk of critical outcomes – including death – if exposed to COVID-19. *See* Doc. 411 at 1-2 (citing CDC, *Coronavirus Disease 2019 (COVID-19)* (Jan. 4, 2020), at www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions). The institution at which Mr. Ciavarella is housed has seen an explosion of the virus, with a number of new infections (and at least one additional death) within the last week alone. *See id.* (citing U.S. Bureau of Prisons, *COVID-19 Coronavirus* (Jan. 4, 2021), *at* www.bop.gov/coronavirus). The government has repeatedly conceded in past cases, and this Court has repeatedly held, that these very circumstances constitute "extraordinary and compelling reasons" for relief under the compassionate release statute, rendering a defendant (such as Mr. Ciavarella) eligible for immediate release. *See, e.g., United States v. Jivens*, 1:17-CR-0350, ECF No. 57 at 11 (M.D. Pa. Dec. 22, 2020); *United States v. Marrero*, No. 1:17-CR-00178, ECF No. 384 at 12-13 (M.D. Pa. Oct. 30, 2020); *cf.* Doc. 417 at 13.

The government in this case nevertheless argues that Mr. Ciavarella's conditions cannot justify relief here because, it says, his conditions are not sufficiently "severe" and the risk posed by exposure to the virus is "relatively small" and "unknown." Doc. 417 at 18. To describe this argument as flawed is to give it

1

too much credit. Whether or not a person's medical condition may be described as "severe" in comparison to others, and whether or not the condition itself is being "managed" (Doc. 417 at 14), the fact remains that the condition – if it is one identified as a risk factor by the CDC – carries with it an increased danger from exposure to COVID-19. CDC, *Coronavirus Disease 2019 (COVID-19)* (Jan. 4, 2020). And that danger is hardly "speculative" or "relatively small" (Doc. 417 at 14, 18): it includes anything and everything ranging from "severe illness" to "hospitalization" to "death." CDC, *Coronavirus Disease 2019 (COVID-19)* (Jan. 4, 2020). The claim that Mr. Ciavarella is not eligible for relief in light of his medical conditions, as well as his age (which the government simply ignores), is simply baseless. *See, e.g., United States v. Bullock*, 4:16-CR-00264-MWB, ECF No. 97 at 4 (M.D. Pa. Sept. 9, 2020) (diagnosis of chronic kidney disease, with increased risk of exposure to COVID-19 "is sufficient to show that extraordinary and compelling reasons warrant compassionate release").[1]

---

[1] The government suggests at one point that the danger to Mr. Ciavarella may be ignored because "the medical community has developed vaccines for COVID-19" and "[at-]risk individuals and inmates will be vaccinated soon." Doc. 417 at 17. But it offers no evidence – no affidavit, no official statement, and not even a news report – to show that Mr. Ciavarella is in line for a vaccine, or when that might occur, and in all events there remain significant questions over the efficacy and duration of the vaccines, which continue to be studied. *See, e.g.*, CDC, *Ensuring COVID-19 Vaccines Work* (Jan. 4, 2020), at www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness. Any possibility that Mr. Ciavarella's risk of exposure to COVID-19 will be successfully mitigated in the future is thus (to use the government's verbiage) wholly "speculative" (Doc. 417 at 14), and cannot undermine his eligibility for compassionate release.

The government also claims that, even if "extraordinary and compelling reasons" are present (as they are), a reduction in sentence should be denied based upon the factors of 18 U.S.C. § 3553(a), including the nature of Mr. Ciavarella's offenses and his health needs. Not so. While the crimes of which he was convicted were undoubtedly serious, they were entirely non-violent, consisting of honest services fraud and the filing of false tax returns relating to operations at a privately run juvenile detention facility, and Mr. Ciavarella otherwise has no serious criminal or disciplinary history. Doc. 411 at 1, 7. Without in any way downplaying the impacts of those offenses, it is hyperbole in the extreme to state (as does the government) that "thousands of juveniles … suffered at the Defendant's hands." Doc. 417 at 17. And the claim that "there is no indication that [Mr. Ciavarella] will be safer if released" (Doc. 417 at 15) is, quite plainly, absurd: the government itself (in the form of the CDC) has recognized the exponentially increased risks of transmission and serious illness within prisons. CDC, *Coronavirus Disease 2019 (COVID-19): Correctional and Detention Facilities* (Jan. 4, 2020).

Mr. Ciavarella has already served an extraordinarily long term of imprisonment, of more than 9 years. Whatever considerations supported the original judgment of sentence, the circumstances have now changed, particularly in light of the outbreak of COVID-19, and that sentence can and should be reduced under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. McKinnon*, No. 1:03-CR-0251-SHR, 2020 WL 4530737, at *4 (M.D. Pa. Aug. 6,

3

2020) (granting a motion for compassionate release after a denial of a reduction in sentence under Section 404 of the First Step Act). The motion for compassionate release should be granted, and Mr. Ciavarella resentenced accordingly.[2]

| | |
|---|---|
| Date:  January 4, 2021 | Respectfully submitted, |
| | /s/ *Quin M. Sorenson* |
| | HEIDI R. FREESE, ESQ.<br>Federal Public Defender<br>Middle District of Pennsylvania |
| | QUIN M. SORENSON, ESQ.<br>Assistant Federal Public Defender<br>TAMMY L. TAYLOR, ESQ.<br>Staff Attorney<br>Middle District of Pennsylvania<br>100 Chestnut Street, Suite 306<br>Harrisburg, PA  17101<br>717-782-2237<br>quin_sorenson@fd.org |
| | *Counsel for Defendant* |

---

[2] That the warden of Mr. Ciavarella's institution denied his request for compassionate release does not in any way restrict or cabin this Court's discretion over the motion, contrary to the government's implication. *See* Doc. 417 at 11, 15-16. The compassionate release statute contemplates that district courts will conduct a *de novo* review of the motion, without deference to the warden's denial and with no need to find that the denial represented an "abuse of discretion." *See* 18 U.S.C. § 3582(c)(1)(A); *see also, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 329-30 (3d Cir. 2020).

4

## CERTIFICATE OF SERVICE

I, Quin M. Sorenson, Esquire, of the Federal Public Defender's Office, certify that I caused to be served on this date a copy of the foregoing filing via electronic case filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

Michael A. Consiglio, Esquire
United States Attorney's Office
*michael.consiglio@usdoj.gov*


Date:  January 4, 2021                    /s/ *Quin M. Sorenson*
                                          QUIN M. SORENSON, ESQUIRE
                                          Assistant Federal Public Defender